

10/18/2007

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **TOWN OF MARSHALL CREEK,** | § | **CASE NO. 06-40072** |
| **TEXAS,** | § | |
| | § | **Chapter 9** |
| Debtor. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER CONFIRMING THIRD AMENDED PLAN OF REORGANIZATION

On the 16th day of October, 2007 (the "Confirmation Hearing"), came on for consideration confirmation of the Third Amended Plan of Reorganization, filed by the Town of Marshall Creek, Texas, on or about October 16, 2007 (the "Plan") under chapter 9 of title 11 of the United States Code. All capitalized terms, not otherwise defined herein, shall have the meanings ascribed to them in the Plan.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:[1]

1. <u>Petition Date</u>. The Town of Marshall Creek, Texas filed its voluntary petition for relief under chapter 9 on January 23, 2006 (the "Chapter 9 Case"). The proponent of the Plan is the Town of Marshall Creek, Texas (the "Debtor")

2. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over the Chapter 9 Case pursuant to 28 U.S.C. §§ 157 and 1334, as limited by 11 U.S.C. § 904. Venue is proper under 28 U.S.C. § 1408. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L) and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of

3. <u>Transmittal and Mailing of Materials: Notice</u>. Due, adequate and sufficient notice of the Disclosure Statement, the Plan and the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of Claims in accordance with the Federal Rules of Bankruptcy Procedures and/or the procedures set forth in prior orders and/or determinations by the Court.

4. <u>Solicitiation</u>. Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with 11 U.S.C. §§ 1125 and 1126(a), (b), (c), (f) and (g), Federal Rules of Bankruptcy Procedure 3017 and 3018, the First Amended Disclosure Statement, all other applicable provisions of the Bankruptcy Code and/or the Federal Rules of Bankruptcy Procedure, and all other applicable rules, laws and regulations. 11 U.S.C. § 1126(e) is inapplicable in this case. No Holder of a Claim accepted or rejected the Plan prior to commencement of the case therefore 11 U.S.C. § 1126(b) is inapplicable in this case.

5. <u>Proper Designation of Impaired Classes</u>. All Claims that are impaired have been designated as impaired, as defined by 11 U.S.C. § 1124.

6. <u>Impaired Classes That Have Voted to Accept the Plan</u>. As evidenced by the record established at the Confirmation Hearing, all impaired Classes have voted to accept the Plan in accordance with the requirements of 11 U.S.C. §§ 1124 and 1126. Holders of Claims in Class 2 in at least two-thirds in amount and more than one-half in number of the allowed Claims of such class have accepted or rejected the Plan, in accordance with 11 U.S.C. § 1126(c).

7. <u>Classes Deemed to Have Accepted or Rejected the Plan</u>. Class 1 is unimpaired and is deemed to have accepted the Plan under 11 U.S.C. § 1126(f). The Plan does not provide that any Class of Claims and/or Holder of a Claim is not entitled to receive or retain any property

---

fact when appropriate. Fed. R. Bankr. P. 7052.

under the Plan on account of such Claim(s), therefore 11 U.S.C. § 1126(g) is inapplicable in this case.

8. <u>No Impermissible Modification of Plan</u>. The Plan has not been impermissibly modified after solicitation therefore 11 U.S.C. § 1127 is inapplicable.

9. <u>Plan Compliance with Bankruptcy Code</u>. The Plan complies with the applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, as required by 11 U.S.C. § 943(b)(1).

10. <u>Plan Compliance with Chapter 9 – 11 U.S.C. § 943(b)(2)</u>. The Plan complies with the applicable provisions of chapter 9, as required by 11 U.S.C. § 943(b)(2).

11. <u>Plan Compliance with Applicable Chapter 11 Provisions – 11 U.S.C. § 1129(a)(2)</u>. The Plan complies with the applicable provisions of chapter 11 of the Bankruptcy Code, as provided and/or determined by 11 U.S.C. § 901.

    a. <u>Proper Classification – 11 U.S.C. §§ 1122 and 1123(a)(1)</u>. In addition to Administrative Claims, which need not be classified, the Plan designates one class of impaired Claims (Class 2 General Unsecured Claims), as defined by 11 U.S.C. § 1124. The Claims placed in such class are substantially similar to other Claims in such class and such classification is therefore consistent with 11 U.S.C. § 1122. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between holders of Claims. The Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

    b. <u>Specified Treatment of Unimpaired Classes – 11 U.S.C. § 1123(a)(2)</u>. The Plan does not provide for treatment of any Class as an unimpaired class, therefore 11 U.S.C. § 1123(a)(2) is inapplicable.

    c. <u>Specified Treatment of Unimpaired Classes – 11 U.S.C. § 1123(a)(3)</u>. The Article 5.1 of the Plan specifies the treatment of the impaired Class of Claims, thereby satisfying 11 U.S.C. § 1123(a)(3).

    d. <u>No Discrimination – 11 U.S.C. § 1123(a)(4)</u>. The Plan provides the same treatment for each Claim within each designated Class, thereby satisfying 11 U.S.C. § 1123(a)(4).

    e. <u>Implementation of Plan – 11 U.S.C. § 1123(a)(5)</u>. Article VI of the Plan provides adequate and proper means for implementing the Plan, thereby satisfying 11 U.S.C. § 1123(a)(5).

    f. <u>Plan Provisions – 11 U.S.C § 1123(b)</u>. The Plan complies with 11 U.S.C. § 1123(b).

    g. <u>Cure of Defaults – 11 U.S.C. § 1123(d)</u>. Article 7.2 of the Plan complies with 11 U.S.C. § 1123(d).

12.     <u>Plan Proposed in Good Faith – 11 U.S.C. § 1129(a)(3)</u>. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3). This Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based upon the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of effectively reorganizing the Debtor and maximizing recover to creditors in accordance with the priorities set forth in the Bankruptcy Code.

13.     <u>No Rate Changes – 11 U.S.C. § 1129(a)(6)</u>.  No governmental regulatory commission has jurisdiction over rates of the Debtor after confirmation of the Plan.  Thus, 11 U.S.C. § 1129(a)(6) is inapplicable in this case.

14.     <u>Acceptance by Certain Classes – 11 U.S.C. § 1129(a)(8)</u>.  Every Class entitled to vote has voted in favor of the Plan and the Plan does not require any additional solicitation pursuant to 11 U.S.C. § 1127, thus the requirements of 11 U.S.C. § 1129(a)(8) have been met and application of 11 U.S.C. § 1129(b) is not required for confirmation of the Plan.

15.     <u>Acceptance by Impaired Classes – 11 U.S.C. § 1129(a)(10)</u>.  At least one Class of Claims that is impaired under the Plan has accepted the Plan thereby satisfying 11 U.S.C. § 1129(a)(10).

16.     <u>Dollar Amounts of Class 1 and 2 Claimants</u> – The dollar amounts of the Class 1 and 2 Creditors are just and valid, and shall be due and owing by the reorganized Debtor upon entry of this Order in the amounts stated in the Third Amended Plan of Reorganization.  Any challenge to those debts are hereby overruled.  In addition to the administrative claims contained as Class 1 claims, the Texas Workforce Commission is granted an administrative expense claim in the amount of $15,390.84.

## DECREES

The Court, after noting that the Plan and its First Amended Disclosure Statement have been transmitted to creditors and parties-in-interest, holds that the requirements for confirmation set forth in 11 U.S.C. § 943 have been satisfied.  ACCORDINGLY, IT IS THEREFORE:

ORDERED that the Plan is confirmed in its entirety; and it is further

ORDERED that the objections to confirmation of the Plan have either been withdrawn, resolved by agreement or are overruled and denied.

Signed on 10/17/2007

*Brenda T. Rhoades*    SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

### END OF ORDER###

**Prepared by:**

_/s/ Gerrit M. Pronske_____
Gerrit M. Pronske
State Bar No. 16351640
Rakhee V. Patel
State Bar No. 00797213
Christina W. Stephenson
State Bar No. 24049535
Pronske & Patel, P.C.
1700 Pacific Avenue, Suite 2260
Dallas, Texas 75201
Telephone:  214.658.6500
Facsimile:   214.658.6509
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com

**COUNSEL FOR DEBTOR**